**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| RONNIE C. GREEN, # 260-415 | * |
| Plaintiff | |
| | * |
| v | Civil Action Case No. JFM-09-3361 |
| | * |
| LT. FRIEND | |
| LT. NATELY | * |
| WARDEN OF WCI | |
| Defendants | * |

***

**MEMORANDUM**

Pending is Ronnie C. Green's ("Green") prisoner civil rights complaint filed pursuant to 28 U.S.C.§ 1983. Counsel for Defendants moves for dismissal, or in the alternative, for summary judgment.[1] ECF No. 11. The matter is fully briefed and ready for disposition; a hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2010). For reasons to follow, Defendants' motion for summary judgment shall be GRANTED.

**I.    INTRODUCTION**

Green, who is representing himself in this case, is an inmate at the Western Correctional Institution (WCI). He claims that defendants fail to protect him from harm at the hands of his fellow inmates and he fears harm from prison gangs. Green states that he alerted Nately that he was in fear of his life, and was subsequently assigned to administrative segregation pending investigation. Four days later, Lt. Nately told Green more information was needed. Green states that he was then returned to the general prison population where he was threatened by his cell mate. Green was then moved to a different housing unit.

Green indicates that he continued to complain that he fears harm from gangs and states

---

[1]    Pursuant to *Roseboro v. Garrison*, 528 F.2d 309,310 (4th Cir. 1975), the court notified plaintiff of the dispositive pleadings and provided him an opportunity to respond. Green has not filed a reply.

that he had been stabbed in the throat at another institution. Green claims that Lt. Friend ignored his concerns about the threats posed by other inmates. Green asks for protection from anticipated harm.

## II.   FACTS

Defendants" verified exhibits demonstrate that Green has been housed at WCI since October 20, 2006. Exhibit A, Affidavit of L. Tennille Winters, Case Management Specialist and p 8 (Traffic History). On December 13, 2006, Green claimed he was in danger and was placed on administrative segregation. *See id*, pp. 7 and 29-31. Green told Natale that while at a Hagerstown facility he had testified against the inmate who stabbed him in Hagerstown. Green claimed that the inmates at WCI knew about the case and were threatening him. *See id*. p. 25. Green remained on that segregation status during the investigation of his claim. His claims were not substantiated. *See id*. pp. 25-28. On January 31, 2007, Green was return to the general population per his request. *See id*. p. 6 and pp. 23-24.

On January 17, 2008, Green was put on administrative segregation after he claimed his life was in danger. *See id*. pp. 21-22. His claims were investigated and could not be confirmed. Consequently, Green was removed from administrative segregation on February 20, 2008. *See id*. p. 18. Green has written other letters claiming he is in danger. *See id*, pp. 11-16. Green's enemy alert screen reveals no documented enemies at WCI. Exhibit A, p. 9.

Green's records show that he has been in administrative segregation and the general prison population intermittently for more than two years without incident.[2] Exhibit A, Affidavit of Tenille Winter, ¶ 6. Defendants assert that Green does not meet the criteria for assignment to protective custody. *See id*.

---

[2]  Green does not present mental health concerns regarding general population placement. Exhibit A, p. 20.

## III. STANDARD OF REVIEW

Rule 56(a) & (c) of the Federal Rules of Civil Procedures provides in relevant part:

A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56 (a) & (c).

Under Supreme Court standard, this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

The party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has met that burden, the non-moving party must come forward and demonstrate that such an issue does, in fact, exist. *See Matsushita Elec. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but

rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)); *see also Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

In conducting the aforementioned analysis, the court generally must view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Scott v. Harris,* 550 U.S. 372, 376-77 (2007). However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Id.* at 380.

## IV. DISCUSSION

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A prison official violates the Eighth Amendment when he is deliberately indifferent "to a substantial risk of serious harm to an inmate." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The Eighth Amendment imposes the duty on prison officials to "take reasonable measures to guarantee the safety of inmates," which includes protecting prisoners from "violence at the hands of other prisoners." *Id*. at 832-33. For a prison official to be found liable under the Eighth Amendment for denying an inmate humane conditions of the confinement, the official must know of and disregard "an excessive risk to inmate health or safety." *Id*. at 837. Further, the official must "both be aware of fact from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.

4

The uncontroverted facts show that Green's claims were reviewed and investigated and he was placed on administrative segregation pending the outcome of the investigation. Inquiries found Green's claims were unsubstantiated. Further, Green's records show that he has been housed without incident in the general population. Under the facts presented, Green fails to show that Defendants have acted with requisite deliberate indifference to his claims of harm. It bears noting that the daily maintenance of security and order in a correctional institution are "considerations ... peculiarly within the province and professional expertise of corrections officials." *See, e.g., Bell v. Wolfish*, 441 U.S. 520, 540 n. 23, 548 n. 29 (1979). Inmates do not have a constitutionally recognized liberty interest in a particular security classification or a constitutional right to be confined in a particular prison. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

### V. CONCLUSION

Viewing the facts in the light most favorable to Green, the court finds that no genuine issue of fact is presented and defendants are entitled to summary judgment. A separate order follows.

 February 28, 2011 /s/
Date J. Frederick Motz
 United States District Judge